Bernice MALCOLM, Plaintiff,

v.

HONEOYE FALLS–LIMA CENTRAL SCHOOL DISTRICT, et al., Defendants.

17–MC–6010–DGL

United States District Court, W.D. New York.

Signed 10/03/2017

Bernice Malcolm, W. Henrietta, NY, pro se.

## DECISION AND ORDER

DAVID G. LARIMER, United States District Judge

Plaintiff Bernice Malcolm ("plaintiff") was employed by the Honeoye Falls–Lima Central School District (the "District") from January 2001 until her resignation in July 2007, effective June 30, 2008. To date, plaintiff has brought at least six federal and state lawsuits against various District entities and employees ("District defendants"), alleging discrimination in violation of state and federal anti-discrimination statutes, as well as miscellaneous claims sounding in contract, all arising from her previous employment and/or from a Settlement Agreement between plaintiff and the District. *See e.g., Malcolm v. Honeoye Falls–Lima Central Sch. Dist. et al.,* 09–CV–6421 (W.D.N.Y. 2009) (complaint dismissed with prejudice); *Malcolm v. Bd. of Educ. of the Honeoye Falls–Lima Central*

*Sch. Dist. et al.,* 08–CV–6551 (W.D.N.Y. 2008) (complaint dismissed); *Malcolm v. Honeoye Falls–Lima Central Sch. Dist. et al.,* 08–CV–6300 (W.D.N.Y. 2008) (complaint dismissed with prejudice); *Malcolm v. Bd. of Educ. of the Honeoye Falls–Lima Central Sch. Dist.,* 08–CV–6577 (W.D.N.Y. 2008) (complaint dismissed with prejudice); *Malcolm v. Honeoye Falls–Lima Education Association et al.,* 08–CV–6551 (W.D.N.Y. 2008) (complaint dismissed); *Malcolm v. Honeoye Falls–Lima Sch. Dist.,* 2008–16610 (N.Y. Sup. Ct. Monroe County 2008).

This pattern of litigation by plaintiff ultimately resulted in a September 14, 2010 Decision and Order of this Court, which permanently enjoined plaintiff from filing further *pro se* actions in federal court against the District without seeking leave of court. *Malcolm v. Bd. of Educ. of the Honeoye Falls–Lima Central Sch. Dist.,* 737 F.Supp.2d 117 (W.D.N.Y. 2010). Familiarity with the particulars of that Order is presumed.

Plaintiff now moves (Dkt. # 1), pro se, for leave of Court to commence a new action against the District and its Board of Education, and has submitted a proposed complaint detailing her claims.[1]

The Court has carefully reviewed plaintiff's submissions, which purport to assert claims against the defendants sounding in contract, as well as claims of disparate treatment and retaliation in violation of Title VII, and the Equal Protection clause of the United States Constitution. Like those asserted by plaintiff in previous ac-

---

1. This is plaintiff's second attempt at filing a new action. The first was rejected because it failed to comply with the requirements set forth in the Court's injunction, including but not limited to the making of a formal motion. *See Malcolm v. Bd. of Educ.,* 08–CV–6577 (Dkt. # 41). Plaintiff has now filed a "Motion for permission to file a new action," but has otherwise failed to comply with the Court's

injunction, which also requires her to file, among other things, a copy of that order, an affidavit attesting to the merits of her claims, and a list of her previous suits and their dispositions. Nonetheless, in the interest of expediency, the Court has duly reviewed the instant motion and a copy of plaintiff's proposed complaint.

tions, the instant claims all arise out of plaintiff's employment and/or her Settlement Agreement with the District. The Court need not wade into an examination of their merits, as they are all manifestly untimely, and permitting plaintiff to pursue them (even if they were not barred by *res judicata*, which most are, on their face) would be futile.

Specifically, the Court has reviewed the alleged factual bases for plaintiff's claims, and the relevant statutes of limitations. The claim in the proposed complaint with the latest-expiring statute of limitations is plaintiff's claim that the District breached the Settlement Agreement by failing to make certain payments to her from 2005–2008. Applying the applicable six-year statute of limitations, this claim expired, at the latest, in 2014. *See generally Deutsche Bank Nat'l Trust C. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015) (statute of limitations for contract claims is six years in New York, and claim generally accrues at the time of the alleged breach).

The remainder of plaintiff's claims are untimely to a greater extent, as they concern contract claims occurring prior to 2008, or unexhausted discrimination claims based on events occurring no later than 2013, for which an administrative charge would have to have been filed within 300 days and a dismissal or right to sue letter obtained. Plaintiff has not sufficiently asserted any basis for tolling the applicable limitations periods, and as such, the claims in her proposed complaint are all subject to dismissal, at the very least, on the grounds of untimeliness.

For these reasons, plaintiff's motion for leave to proceed with a new action and/or assert new claims against the District and/or any related party (Dkt. # 1) is denied as futile, and the Clerk is directed to close the case.

Plaintiff is also cautioned, once again, that other and further attempts to bring frivolous claims against the District defendants, and/or to resurrect claims that have already been addressed on their merits by this Court and others in previous actions, may result in the imposition of additional sanctions against plaintiff, including but not limited to monetary sanctions.

IT IS SO ORDERED.